*E-Filed 1/24/12*

SEYFARTH SHAW LLP
Francis J. Ortman III (SBN 213202)
E-mail: fortman@seyfarth.com
Kimberly G. Brener (SBN 244531)
E-mail: kbrener@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
sanofi-aventis U. S. LLC
(erroneously named as Sanofi Aventis U. S., LLC)

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
Noah D. Lebowitz (SBN 194982)
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

Attorneys for Plaintiff
Laney Nelson

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| LANEY NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>SANOFI AVENTIS U.S., LLC and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. CV 11-2756 RS<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING FILING OF SECOND AMENDED COMPLAINT AND LIMITATION ON SCOPE OF DISCOVERY** |

Plaintiff Laney Nelson ("Plaintiff") and Defendant sanofi-aventis U.S. LLC ("Defendant") (collectively the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, on February 11, 2011 Plaintiff filed a Complaint in the Superior Court of California, County of Alameda alleging the following causes of action: (1) sex and age

discrimination; (2) harassment (sex and age) and retaliation; (3) failure to prevent discrimination, harassment and retaliation; and (4) failure to pay compensation due.

WHEREAS, on April 20, 2011, Plaintiff dismissed individual defendant Thomas Star from the Complaint and on May 6, 2011 filed a First Amended Complaint asserting the following causes of action: (1) sex discrimination; (2) age discrimination; (3) retaliation; (4) failure to prevent discrimination, harassment, and retaliation; and (5) failure to pay compensation due.

WHEREAS, on June 6, 2011, Defendant removed this action to the Northern District of California;

WHEREAS, Plaintiff's First Amended Complaint contains allegations dating back to 1999 and Defendant contends that many of those allegations are barred by Plaintiff's failure to exhaust her administrative remedies and the statute of limitations;

WHEREAS, the Parties have been engaged in meet and confer efforts to narrow the allegations at issue and to reach an agreement as to limitations on the scope of electronic discovery and discovery concerning periods outside of the statute of limitations period; and

WHEREAS, Plaintiff has agreed to narrow the scope of her allegations in her complaint and to narrow the scope of her electronic discovery and discovery as to the allegations that Defendant contends are time barred (as set forth herein).

IT IS HEREBY STIPULATED by the Parties herein, through their counsel of record, as follows:

1. The Parties agree that Plaintiff may file the Second Amended Complaint, attached hereto as Exhibit A, following the Court's approval of this Stipulation.

2. The Parties agree that Defendant will have twenty-five (25) days from the date of service of Plaintiff's Second Amended Complaint (*i.e.*, 25 days after Plaintiff files her Second Amended Complaint following the Court's approval of this Stipulation, plus three days for service via electronic filing) to answer or otherwise respond (*e.g.* by motion) to Plaintiff's Second Amended Complaint.

3. Plaintiff agrees that her discovery requests relating to alleged adverse actions will be limited to those actions that took place during the time period of February 25, 2009 to August 2, 2010.

4. By entering into this Stipulation, the Parties do not waive their right to object to discovery requests (and withhold documents/information) on any other ground, as appropriate, including, without limitation, privacy, confidentiality, attorney-client privilege, attorney work product, overbreadth and burden, and reasonable accessibility. Additionally, Defendant expressly reserves its right to seek cost-shifting with respect to electronic discovery pursuant to applicable law. Further, this Stipulation should not be construed as (and is not) an admission by either Party that discovery requests pertaining to information and/or documents not excluded by this Stipulation are appropriate, relevant and/or admissible.

5. The Parties further agree that if Plaintiff uncovers reliable information of substantial importance that is excluded from discovery pursuant to this Stipulation, but for which Plaintiff reasonably believes discovery is necessary for the prosecution of this action, Plaintiff shall notify the Defendant immediately of the believed need for such additional discovery. The Parties shall promptly meet and confer as to the requested exception to this Stipulation and attempt to reach an agreement. If the Parties are unable to reach an agreement as to the additional discovery, Plaintiff may move to compel disclosure or discovery pursuant to Local Rule 37-1 and 37-2. By entering into this agreement, Defendant does not waive, and expressly reserves, its right to oppose any motion to compel brought by Plaintiff pursuant to this Paragraph. The Parties agree that this Stipulation shall provide Defendant an independent ground for objecting to a discovery request that does not comport with the Stipulation's terms and for withholding information and/or documents (pursuant to this Stipulation's terms). As a result, any motion made by Plaintiff pursuant to this Paragraph must set forth and establish, based on reliable information, that the additional discovery sought is of substantial importance and that discovery is necessary for the prosecution of this action (in addition to addressing any other objections asserted in response to such discovery).

6.  This Stipulation should not be construed as (and is not) an admission by Defendant that the allegations in Plaintiff's Second Amended Complaint are true, as Plaintiff's allegations are denied. Further, nothing contained herein is meant to waive any of Defendant's defenses including, without limitation, Defendant's continued contention that the allegations in Plaintiff's complaint (including those in the attached Second Amended Complaint) are barred by Plaintiff's failure to exhaust her administrative remedies and/or the statute of limitations.

DATED: January 24, 2012                 SEYFARTH SHAW LLP


By   /s/ Kimberly G. Brener
     Francis J. Ortman III
     Kimberly G. Brener
Attorneys for Defendant
SANOFI-AVENTIS U. S. LLC


DATED: January 24, 2012                 DUCKWORTH PETERS LEBOWITZ OLIVIER LLP


By   /s/ Noah D. Lebowitz
     Noah D. Lebowitz
Attorneys for Plaintiff
LANEY NELSON


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   1/24/12

HON. RICHARD SEEBORG
United States District Court Judge

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Kimberly Brener, attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 24, 2012                              By_____/s/ Kimberly Brener_____
                                                              Kimberly Brener

13981363v.2 / 68168-000003